451 P.2d 981

Donald L. DEATS, Petitioner,

v.

STATE of New Mexico, Respondent.

No. 8725.

Supreme Court of New Mexico.

March 17, 1969.

Matteucci, Franchini & Calkins, Albuquerque, for petitioner.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

MOISE, Justice.

We have heretofore issued our writ of certiorari to the Court of Appeals in order that we might consider three points raised by petitioner, one of the appellants in State v. Montoya, 80 N.M. 64, 451 P.2d 557 (Ct. App.), decided August 16, 1968, and deemed by us to present questions cognizable by us under the provisions of § 16–7–14, N.M.S.A. 1953, and Supreme Court Rule 29 (§ 21–2–1(29), N.M.S.A. 1953) promulgated pursuant thereto.

The three grounds asserted briefly are:

(1) That the determination by the Court of Appeals that reversible error did not result in the trial court's refusal to grant a change of venue is contrary to prior decisions of this court (§ 16–7–14(B) (1), N.M.S.A. 1953; Rule 29(4) (D) (1), § 21–2–1(29) (4) (D) (1), N.M.S.A. 1953);

(2) That the failure of the trial court to grant a change of venue, held not to be reversible error by the Court of Appeals, resulted in a denial to petitioner of a fair trial before an impartial jury, guaranteed by Art. II, § 14, N.M.Const., which is a significant question of law under the constitution (§ 16–7–14(B) (3), N.M.S.A. 1953; Supreme Court Rule 29(4) (D) (3),

§ 21–2–1(29) (4) (D) (3), N.M.S.A. 1953); and

(3) The rulings of the Court of Appeals concerning statements of the district attorney in closing argument present a question of first impression, and raise issues of substantial public interest which should be determined by this court (§ 16–7–14(B) (4), N.M.S.A. 1953; Supreme Court Rule 29(4) (D) (4), § 21–2–1(29) (4) (D) (4), N.M.S.A. 1953).

We first dispose of points 1 and 2 set forth above. The facts of the case are detailed in State v. Montoya (Ct.App.), supra. It is the position of petitioner that the denial of a change of venue under the facts here present was contrary to the rule as announced in State v. Alaniz, 55 N.M. 312, 232 P.2d 982 (1951), and in State v. Fernandez, 56 N.M. 689, 248 P.2d 679 (1953). Principal reliance is placed on Alaniz, supra, wherein § 21–5–3, N.M.S.A. 1953, was interpreted and it was held that, "Where the defendant files a proper motion for a change of venue, which is duly supported, showing that the state of feeling in a county is such that he cannot obtain a fair trial, and those charges are not controverted, the defendant is entitled to a change of venue and the trial court has no discretion except to sustain his motion." Petitioner also directs our attention to the following syllabus from State v. Fernandez, supra:

"When a requisite motion for change of venue is made, venue must be changed or, in alternative, the court may require evidence in its support, and if hearing is had thereon, it is duty of court to determine the question by its findings. 1941 Comp. §§ 19–503, 19–504."

As we read Alaniz, supra, it holds that when a proper motion is presented, which is in no way controverted, if no evidence to support it is presented or required by the trial court, it has no discretion, under the provisions of § 21–5–3, N.M.S.A. 1953, and is required to grant the change of venue. Section 21–5–4, N.M. S.A. 1953, was in no way involved in

Alaniz, supra, but was considered in Fernandez, supra. The section reads as follows:

"Upon the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon shall make findings and either grant or overrule said motion."

The Fernandez case holds that when evidence is required by the trial court in support of the motion for a change of venue, the court must make findings and decide the issue. We quote from that case:

"It is obvious when a requisite motion is made, the venue must be changed or in the alternative, the court may require evidence in its support. It is equally clear that if a hearing is had thereon it is the duty of the court *to determine the question by its findings*. And it is well established that findings thus made will not be disturbed upon review unless it shall appear from the evidence that the trial court acted unfairly and committed palpable abuse of discretion. * * *"

In the instant case petitioner had his witnesses present and, upon being made aware of this fact the court directed that they be called. They consisted of several newspaper and radio and television men who testified concerning the publicity given to various charges against defendant, and about the reading and listening audience of each media. Clippings of a considerable number of newspaper stories were introduced in evidence. The witnesses expressed no opinion on the effect of the stories. The state presented no proof.

It is clear that counsel for petitioner considered that § 21–5–4, supra, was applicable because at the close of his presentation he asked for and was granted permission to submit requested findings of fact. He thereafter did so, and the court adopted all of the requests except No. 10, and the requested conclusions of law.

Finding No. 10, as made by the court, reads:

"The television news casts and newspaper articles referred to above were so remote in time that there is no sufficient showing that they were prejudicial to the Defendant Deats, or that they would have any effect upon the Defendant receiving a fair and impartial trial in Bernalillo County."

The court concluded that local prejudice or public excitement sufficient to require a change of venue had not been established, and that the motion should be denied.

■ We do not believe that petitioner can now be heard to assert that § 21–5–4, supra, does not apply. Neither do we see how, in the light of the language of that section and our holding in Fernandez, supra, it can be claimed that the court did not have the right to exercise judicial discretion and "grant or overrule" the motion for a change of venue. It can be argued that since petitioner was entitled to have his motion sustained as a matter of right before he presented any proof, his position should not be worsened by the fact he did so when no conflicting evidence was presented. The answer is that the court, by directing that the witnesses be called to testify, must be considered to have required evidence in support of the motion, as held by the Court of Appeals, or, alternatively, that by presenting evidence, and not standing on the uncontroverted motion, petitioner waived his right to do so and invoked the provisions of § 21–5–4, supra. Compare Hughes v. United States, 320 F.2d 459 (10th Cir. 1963), cert. denied, 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415. In either event, no abuse of discretion on the part of the trial judge is evident, and his denial of the motion should be affirmed.

■■ In the past we have commented upon the purposes served by the mandatory provisions of §§ 21–5–3 and 21–5–4, N.M. S.A.1953, requiring that a motion for venue change be sustained upon the presentation of a proper affidavit, or, in the alternative, that evidence be heard and findings made. We have noted that they are intended to deny to the trial court the power to overrule such a motion on the basis of its own knowledge of local conditions, without allowing the petitioner an opportunity to pre-

80

sent evidence, and without the making of a record upon which the petitioner may obtain review. Schultz v. Young, 37 N.M. 427, 24 P.2d 276 (1933); see State v. Alaniz, supra. This is not to say, however, that the statutes contemplate a shifting of the burden of proof when a motion and affidavit are submitted. That burden remains on the moving party and, when evidence is produced, that evidence must be persuasive of the probability that a fair trial cannot be obtained in the county where the cause is pending. In the present case the trial judge was not so persuaded.

 Concerning the affidavit and the proof supporting it, we would first observe that numerous newspaper articles and radio and television stories wherein an accused is mentioned, without more, do not necessarily establish prejudice or such public excitement as would make a fair trial impossible. Nor do they raise any presumption of prejudice. Dennis v. United States, 302 F.2d 5 (10th Cir. 1962); Blumenfield v. United States, 284 F.2d 46 (8th Cir. 1960), cert. denied, 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961). We are well aware that when the facts are such that prejudice quite probably was present, reversal has been held to be required even without a showing. Such a case was Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). However, in that case it was recognized that generally where claims of deprivation of due process are asserted, there must be a showing of prejudice. See also, Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); Annot., 10 L.Ed.2d 1243. An examination of the proof presented here does not disclose such all-pervasive, continuous, or slanted coverage as to remotely compare with the situations present in the cases cited. Neither are we impressed that the trial court in any way abused the discretion with which we recognize him to be vested, State v. Fernandez, supra; State v. Alaniz, supra; or that there has been any denial of a fair trial so as to deprive petitioner of due process of law. We note that it is neither suggested nor argued that any of the jurors who actually tried the case were in any way tainted by any of the publicity. If there had been some problem in this regard, the fact of possible prejudice might remain an issue. See Blumenfield v. United States, supra; Annot., 10 L.Ed.2d 1243, 1299. However, we do not perceive that any question of this nature is here present.

 Concerning petitioner's third point directed at claimed error resulting from the trial court's rulings on objections to closing arguments made by the district attorney, we would observe merely that we are not convinced that any issue of substantial public interest, as argued by petitioner, is presented thereby. Accordingly, we do not rule on the point.

It follows that the decision of the Court of Appeals here reviewed should be affirmed. It is so ordered.

NOBLE, C. J., and COMPTON, CARMODY and TACKETT, JJ., concur.