481 P.2d 98

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Marvin VAUGHN, Defendant-Appellant.**

**No. 9031.**

Supreme Court of New Mexico.

Feb. 1, 1971.

Rehearing Denied Feb. 25, 1971.

Asa Kelly, Jr., Silver City, for appellant.

James A. Maloney, Atty. Gen., Justin Reid, C. Emery Cuddy, Asst. Attys. Gen., Santa Fe, for appellee.

---

## OPINION

McMANUS, Justice.

Defendant appeals from a conviction of murder, alleging that the District Court of Hidalgo County did not have jurisdiction to try his case; that because the lower court proceedings were not based upon a grand jury indictment, they violated the defendant's Fifth and Fourteenth Amendment rights; that the defendant was prejudiced by the introduction of a psychiatrist's rebuttal testimony contrary to certain of his constitutional and evidentiary rights, and that there was no substantial evidence supporting findings of fact made by the trial judge concerning his denial of a request for change of venue.

■ The defendant alleged that the district court did not have jurisdiction because he did not waive his right to be charged by grand jury indictment, instead being proceeded against by criminal information filed by the district attorney. However, this contention was settled in State v. Sanders, 82 N.M. 61, 475 P.2d 327 (1970), where this Court stated:

"The only pertinent issue presented in the petition before us, which has not heretofore been passed upon by this court, is the contention that he was not indicted by a grand jury and, therefore, his constitutional rights have been violated. This contention is without merit as it is not supported by anything other than his previous motions to vacate judgment and sentences.

"Article II, § 14, New Mexico Constitution, provides for presentment or indictment by a grand jury *or information* filed by the district attorney or attorney general." (Emphasis ours.)

■ Because the lower court proceedings need not have been based upon a grand jury indictment, as discussed above, but could properly be based upon an information, the defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution were not violated.

■ The defendant's primary contention lies in the alleged inadmissibility of a psychiatrist's testimony concerning the veracity of the defendant in claiming a loss of memory. The defendant claimed a loss of memory during the time of the alleged events. To rebut this testimony the State put forth the expert testimony of a psychiatrist who examined the defendant and who stated his opinion that the defendant had no genuine loss of memory. Dr. Cooper testified as to the mental state of the defendant as it concerned his alleged loss of memory, not as to specifics related to him by the defendant concerning the alleged circumstances. As in Hunt v. State, 248 Ala. 217, 27 So.2d 186 (1946), "[T]here was no affirmative act or declaration of defendant offered against him, but only the expert opinion reached by the doctors as the result of their examination. See, also, In re Spencer, 63 Cal.2d 400, 46 Cal.Rptr. 753, 406 P.2d 33 (1965).

■ Prior to beginning an examination of the defendant, he was warned that the psychiatrist was employed by the State and could not say what might be used for or against him. Although the defendant further alleges that coercion was used in interviewing the witness, this allegation arising out of the statement of the psychiatrist that the defendant's memory loss was somewhat inconsistent "under some pressure," the record does not substantiate this belief. The "pressure" used by the psychiatrist was only that of pointing out prior inconsistent statements of the defendant to him as they related to his alleged loss of

**312**

memory, a not unusual psychoanalytical tool.

 Finally, the defendant alleges that there was not substantial evidence supporting the trial court's findings of fact that a change of venue was not necessary. Yet, conflicting evidence was presented to the court concerning the necessity for a change of venue and, under such circumstances, the refusal of such a motion was discretionary. Deats v. State, 80 N.M. 77, 451 P.2d 981 (1969).

The trial court's judgment is affirmed. It is so ordered.

TACKETT and STEPHENSON, JJ., concur.