483 P.2d 313

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Demetrio Johnny HERRERA, Defendant-Appellant.**

**No. 519.**

Court of Appeals of New Mexico.

March 12, 1971.

Rufus E. Thompson, Roswell, for defendant-appellant.

James A. Maloney, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Convicted of unlawfully selling or disposing of marijuana contrary to § 54-5-14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2), defendant appeals. The issues concern: (1) venue; (2) jury array; (3) continuance; (4) challenge of a juror for cause; and (5) an instruction with a notation.

*Venue.*

Defendant's motion for change of venue was sufficient under § 21-5-3, N.M.S.A.1953 (Repl.Vol. 4) to require that venue be changed if not controverted and if no evidence was presented or required by the trial court. However, the trial court directed that a hearing be held. At the hearing, evidence was presented in support of the motion. The only evidence was copies of certain newspaper articles. The trial court denied the motion. In contending this ruling was error, defendant concedes that under Deats v. State, 80 N.M. 77, 451 P.2d 981 (1969) and State v. Montoya, 80 N.M. 64, 451 P.2d 557 (Ct.App. 1968), the trial court proceeded properly and, considering the evidence insufficient, could properly deny the motion. He claims, however, that these two cases should be overruled. This we decline to do since in our opinion they correctly decided this issue. See State v. Vaughn, 82 N.M. 310, 481 P.2d 98, decided February 1, 1971.

*Jury array.*

Defendant challenged the jury array because the trial judge, in a previous case, had dismissed twelve members of the petit jury panel. The identical issue was raised, discussed and decided in State v. Gonzales, 82 N.M. 388, 482 P.2d 252, decided January 22, 1971. We follow the Gonzales decision and hold the challenge to the jury array is without merit.

*Continuance.*

Defendant moved for a continuance asserting that any jury panel, during the current term of court, would be biased or prejudiced against any defendant in that a jury would be reluctant to return a not guilty verdict. The claim is based on the dismissal of twelve members of the jury panel and the resultant publicity.

As stated by defendant: "The trial court's dismissal of the twelve jurors on March 31, 1970, because of his disagreement with their verdict, caused much public excitement. In fact, various electronic

media widely circulated the story, and on April 2, 1970, the Roswell Daily Record carried the story on its front page. * * The public excitement continued and on April 7, 1970, the day before Defendant's trial, the Roswell Daily Record printed a 'Letter to the Editor' that would indeed make any juror hesitant to acquit the Defendant, * * * though all the evidence against him was conflicting, confused and filled with doubt."

Defendant's motion sought a continuance for "cause." Section 21–8–9, N.M.S.A. 1953 (Repl.Vol. 4). Such a motion is addressed to the discretion of the court. The court's ruling will not be reversed unless there was an abuse of discretion. State v. Burrus, 38 N.M. 462, 35 P.2d 285 (1934); see State v. Cochran, 79 N.M. 640, 447 P. 2d 520 (1968); State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

The record does not inform us of the story circulated by electronic media. Copies of the newspaper stories and the letter to the editor are in the record. Here, as in State v. Burrus, supra: "* * * We have carefully examined the record and the exhibits relating to the motion, and are unable to agree with counsel that the record shows anything which would justify us in holding that the trial court abused its discretion in denying defendant's motion. * * *" On the contrary, the record shows no abuse of discretion. The voir dire of the jurors shows they were questioned as to the effect upon them of the publicity concerning the discharged jurors and also as to any hesitancy to return a verdict of not guilty because it might subject them to unjust criticism. The jurors indicated they would not be influenced by these matters but would return a verdict on the evidence and in accordance with the instructions.

*Challenge of a juror for cause.*

■ The twelfth juror, Mrs. Cook, was called after defendant had exhausted his peremptory challenges. On voir dire, defense counsel asked, and Mrs. Cook ad-

mitted, that she had heard Officer Barrett testify in a prior trial. She denied that she would give "more credit" to the officer merely because she had previously heard him testify.

Defendant challenged Mrs. Cook for cause, stating: "* * * I believe that Mrs. Cook might have formed an opinion in other trials as to the reliability and veracity of Officer Barrett."

The legal rule for which defendant contends is based on the following quotation from Annot., 160 A.L.R. 753, at 769 (1946):

"* * * it has been held that a defendant in a criminal proceeding does not receive a fair and impartial trial where it appears that some of the members of the jury at his trial previously served on the jury at the trial of another defendant charged with a similar but independent offense, and witnesses who testified for the prosecution at the first trial were also used to establish the guilt of the defendant at the second trial. Some courts have reasoned further that, the credibility of such witnesses at the first trial having been sustained, particularly where the main defensive matter is the incredibility of such witnesses, an avowal of impartiality by the jurors will not remove their disqualification. * *"

A view contrary to defendant's contention is stated in a footnote to United States v. Ragland, 375 F.2d 471, 476 n. 2 (2nd Cir. 1967), cert. denied 390 U.S. 925, 88 S.Ct. 860, 19 L.Ed.2d 987 (1968). See also Wilkes v. United States, 291 F. 988 (6th Cir.1923), cert. denied, 263 U.S. 719, 44 S.Ct. 181, 68 L.Ed. 523 (1924).

We do not decide which view should be followed in New Mexico. Not only is there nothing in the record to support counsel's "belief" that Mrs. Cook had formed an opinion as to Officer Barrett's veracity, Mrs. Cook's answers on voir dire are to the contrary. Further, the rule for which defendant contends has a factual basis and this factual basis is not supported by the record in this case. The record does not show that Mrs. Cook had served as a

juror at the trial of another defendant charged with an independent but similar marijuana offense; nor that the defendant had been convicted in the other case in which Mrs. Cook had served as a juror.

There being no factual basis for considering the legal rule on which defendant relies, we do not determine whether such rule is to be applied. Compare Harbold v. United States, 255 F.2d 202 (10th Cir.1958).

On the record presented, the challenge for cause was properly overruled.

*An instruction with a notation.*

■ The instructions were taken to the jury room by the jury. Instruction 2 states:

"The defendant is on trial before you upon an information filed by the District Attorney charging him with the offense of Unlawfully Selling or Disposing of Cannabia (Marijuana), *as set out in Count II of the Information.* The plea of not guilty interposed by the defendant imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, as under the law a defendant is presumed to be innocent, and that presumption of innocence remains with him throughout the trial until his guilt of the crime charged is established by the evidence beyond a reasonable doubt." (Italics our emphasis).

The italicized phrase was handwritten. The rest of the instruction was printed or typed. Defendant objected to the handwritten part of the instruction " * * * for the reason that it calls attention to the fact that he is charged with other sales or other crimes in the same Information, * * * * " and because the handwritten part " * * * calls attention to the fact that there are other counts in the Information." In overruling the objection, the trial court stated there were other counts in the information and the handwritten portion was added to make the record clear as to which count had been tried.

Defendant does not claim the handwritten portion unduly emphasizes that portion of the instruction. See Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966). His claim is that the handwritten portion calls " * * * special attention to the fact that there were other counts charging the Defendant with crime. * * * * "

There were four counts to the information. They charged four separate marijuana offenses. Count II had been severed for purposes of trial. The issue to be decided by the jury was whether defendant was guilty of Count II. The handwritten portion did inform the jury there was at least one additional count. However, testimony at trial made reference, at least three times, to other marijuana sales by defendant. With this testimony before the jury, limiting the issue to Count II, not only in the quoted instruction but in the form of the verdict (where it was not handwritten), was proper. It was proper because it told the jury the only issue was Count II.

■ Defendant also contends the handwritten notation violates that portion of § 21–1–1(51) (2) (g), N.M.S.A.1953 (Repl.Vol. 4) which states: " * * * no instruction which goes to the jury room shall contain any notation." Defendant's objection did not call the trial court's attention to this asserted rule violation. Thus, the alleged error, not having been presented to the trial court for its ruling, it is not before us for review. State v. Ascarate, 21 N.M. 191, 153 P. 1036 (1915), error dismissed 245 U.S. 625, 62 L.Ed. 517, 38 S.Ct. 8 (1917); see Jasper v. Lumpee, 81 N.M. 214, 465 P.2d 97 (Ct.App.1970). Further, assuming, but not deciding that the handwritten portion of the instruction was a notation contrary to § 21–1–1(51) (2) (g), supra, defendant neither claims nor shows any prejudice from the alleged violation. Thus, if there was error, it was harmless. Scott v. Brown, supra.

The conviction, judgment and sentence is affirmed.

It is so ordered.

SPIESS, C. J., and LaFEL E. OMAN, Justice, Supreme Court, concur.