503 P.2d 315

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Danny Joe JIMENEZ, Defendant-Appellant.**
**No. 9469.**

Supreme Court of New Mexico.
Nov. 22, 1972.

Emmett C. Hart, Tucumcari, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COMPTON, Chief Justice.

Danny Joe Jimenez, a juvenile of the age of 17 years, was charged with murdering Myrtle Spence in Quay County and upon motion of the district attorney the court ordered that he be certified as an adult to the district court pursuant to Section 13–8–27, N.M.S.A., 1953. Following a trial before the court, a jury having been waived, he was found guilty of first degree murder. From judgment imposing sentence, he has appealed.

The appellant first contends that Section 13–8–27 supra, and the action taken thereunder by the district court is unconstitutional because (a) the provisions for certification of a juvenile to district court are so vague, indefinite, and lacking in any recognizable standard or criterion for a determination of certification as to deny him equal protection and due process afforded by the Constitution of the State of New Mexico, Article II, Section 18, and the Fourteenth Amendment to the Constitution of the United States, and (b) the provisions for certification of a child as an adult for criminal proceedings are not clearly expressed in the title of the act and thereby violates Article IV, Section 16 of the Constitution of the State of New Mexico. We find these contentions without merit.

It is the conclusion of this Court that the case of State v. Doyal, 59 N.M. 454, 286 P.2d 306 is dispositive of appellant's contention that the statute violates Article II, Section 18 of our state constitution and the 14th Amendment of the Constitution of the United States. The language of Section 13–8–27, N.M.S.A., 1953, is now more precise in its method of certification of juveniles to be handled as adults than was the language of the Juve-

nile Delinquency Act approved in Doyal, supra.

Section 13–8–27 supra, appears as chapter 361, Laws of 1959, and the pertinent portions of the title reads:

"An Act Relating to Juveniles; * * * Redefining the Methods of Taking Custody, Holding, Commitment, and Parole of Juvenile Offenders; * * *."

■ It is our conclusion that the Title of the Act gives adequate notice that provisions for certification of a juvenile to the district court could reasonably be found within the Act. Silver City Consolidated School District No. 1 v. Board of Regents of New Mexico Western College, 75 N.M. 106, 401 P.2d 95; and State v. Aragon, 55 N.M. 423, 234 P.2d 112.

■ The appellant moved for a change of venue to a county outside the Tenth Judicial District claiming he could not receive a fair trial therein due to local prejudice caused by the news media and the fact that he was of Spanish ancestry. His motion was based upon the affidavit of his counsel and various newspaper clippings incorporated therein. The denial of his motion is asserted as prejudicial error. We do not agree. The trial court conducted a hearing upon the motion and made findings that the residents of Quay County were not prejudiced against him, and that the appellant could receive a fair trial before an impartial jury in Quay County. These findings have substantial support in the evidence. Whether a change of venue should be granted is a question addressed to the sound discretion of the trial court and the ruling of the court will not be disturbed absent a showing of abuse of discretion. We have carefully reviewed the record and fail to find any abuse of discretion. The burden of showing an abuse of discretion was on the accused and he failed to sustain that burden. Deats v. State, 80 N.M. 77, 451 P.2d 981; State v. Montoya, 80 N.M. 64, 451 P.2d 557; State v. Fernandez, 56 N.M. 689, 248 P.2d 679;

State v. Atwood, 83 N.M. 416, 492 P.2d 1279; and State v. Vaughn, 82 N.M. 310, 481 P.2d 98.

■ The appellant complains that the court committed reversible error in admitting into evidence a partial print of the palm of a hand taken from a small board found in the victim's apartment on the night of July 11, 1971, the day she was assaulted. He argues first, that the palm print was taken under such circumstances as to raise a question as to the validity of the print, and second, that there was not sufficient foundation to show a probative value of a partial palm print as to indicate the presence of the accused at the scene of the crime. This claim of error must be rejected. The partial palm print taken from the board and appellant's palm print taken while in custody were identical. Further, the witness Moncus testified that he had been in the victim's apartment on July 11 or July 12 and at that time observed a small board in the kitchen that had residue from fingerprint dust, and that he could see where a print had been lifted from the board.

■ Appellant charges error in the court's admitting into evidence a 22-caliber revolver allegedly belonging to the victim. There was no error in this regard. The witness Christiansen, an inmate in the Quay County Jail at the time the appellant was incarcerated therein, testified that the appellant, when asked by him if he had committed the act, nodded and said "yeah". He also stated that he had taken a gun, $7.00 in currency and about $1.00 in change from the victim's home. He said that he had sold the gun to Ronnie Young. When asked to describe the gun Christiansen testified that the appellant stated that it was a 22-caliber automatic. Actually, the gun taken from the victim's apartment was a 22-caliber revolver with brown handles. The witness Ronnie Young, a 16 year-old boy, testified that after the death of the victim he had bought a gun with brown handles from Danny Joe Jimenez. This gun bore the

same serial numbers found on a box in the victim's apartment. Though the witness Young did not positively identify the gun bought by him from appellant, and even though there was some discrepancy in the evidence as to whether it was a revolver or an automatic, there was no error in admitting the gun into evidence. The weight to be given the evidence was for the court.

Appellant contends that there was a lack of substantial evidence to support a verdict of first degree murder as a matter of law. He spends considerable time and effort arguing whether there was sufficient showing of malice to meet the requirements of Section 40A–2–1, N.M.S.A., 1953 Comp. This argument is based upon a false premise. The felony-murder statute, 40A–2–1(3), is applicable.

In State v. Flowers, 83 N.M. 113, 489 P. 2d 178, we said:

"* * * we have held that if a homicide occurs within the res gestae of a felony, the felony-murder provision of our statute is applicable * * *."

The victim died on July 15, 1971, as the result of a blow on the head and face with a blunt instrument. The appellant was seen at the victim's home shortly before the crime was discovered. He had armed himself with a rock before entering her apartment. He admitted striking the victim with the rock. He admitted that he had taken a gun and cash from the apartment. Appellant stated to Christiansen that he was passing by the victim's apartment and saw her working in the garden and decided to enter her house. He stated that the victim caught him in the house and that he hit her twice with a rock; that she fell and hit her head against a table; that he covered her body, poured water on the floor to erase his tracks and then went home and took a bath. These facts and circumstances unerringly establish appellant's guilt of first degree murder beyond any reasonable doubt.

The judgment should be affirmed and it is so ordered.

STEPHENSON and MONTOYA, JJ., concur.