**STATE of Utah, In the Interest of Manuel SALAS, a person under 18 years of age.**

**No. 13227.**

Supreme Court of Utah.

March 29, 1974.

L. G. Bingham, William F. Daines, Ogden, for Salas.

Vernon B. Romney, Atty. Gen., M. Reid Russell, William W. Barrett, Asst. Attys. Gen., Salt Lake City, for State of Utah.

CALLISTER, Chief Justice:

Manuel Salas appeals from an order of the juvenile court certifying that he be held for criminal proceedings in the district court, as provided in Section 55–10–86, U.C.A.1953, as amended 1971. A motion for certification for criminal proceedings was filed in the juvenile court, wherein, it was alleged that Manual Salas was over the age of fourteen years, that he had committed acts which if committed by an adult would constitute a felony, namely, burglary and assault with a deadly weapon, that he was dangerous to himself and to others. The motion further alleged that Salas had been on probation and that all programs for rehabilitation by the juvenile court had been exhausted other than the industrial school, that because of the nature of the offenses committed and his age, it was unlikely that the industrial school had any programs to provide proper rehabilitation for him or that the school could contain him.

Upon hearing, Salas, who was represented by counsel, was certified to be tried as an adult. The court ruled that it would be contrary to the best interests of the child or the public for the juvenile court to retain jurisdiction. The record indicated

that prior to the present charges, Salas had admitted committing five other burglaries. At the time of the commission of the current charges, Salas was within four months of his 18th birthday and was on probation from a suspended commitment to the industrial school. In connection with this suspension, the court had ordered Salas to complete certain work. One of the reasons cited by the court to support the certification order was the failure of Salas to complete the work order or to seek modification thereof; instead, he was involved in other delinquent behavior. The court was of the opinion that it would be obliged to send Salas to the industrial school. However, a representative of the school, Mr. Richeson, testified that there was little likelihood of rehabilitating the young man in one of their programs; and, assuming the facts alleged in the petition, Salas could constitute a hazard to other people at the school. The juvenile court ruled that the foregoing factors, together with his age, established grounds for the certification of Salas. The court observed that in the past, while Salas was contacting his probation officer, he had committed other serious delinquent acts, which were indicative of his failure to assist in his own rehabilitation. The court was of the opinion that it was inappropriate at this point to send Salas to the industrial school, and if he were tried and found guilty, then the adult facilities for rehabilitation could be applied rather than the ineffective juvenile facilities. The court stated that since the young man's best chance to be rehabilitated was through the adult system, it was to his best interest to be certified.

On appeal, Salas contends that Section 55–10–86, U.C.A.1953, as amended 1971, is unconstitutional and denies him due process of law in violation of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 7, of the Constitution of Utah. He urges that this statute does not establish any standards to limit or guide the juvenile court judges in the exercise of their discretion to waive jurisdiction, and the statute is therefore, void for vagueness.

Section 55–10–86, provides:

If the petition in the case of a person fourteen years of age or older alleges that he committed an act which would constitute a felony if committed by an adult, and if the court after full investigation and a hearing finds that it would be *contrary to the best interests of the child or of the public* to retain jurisdiction, the court may enter an order certifying to that effect and directing that the child be held for criminal proceedings in the district court, . . . [Emphasis added]

The standard of "the best interests of the child or of the public" is further amplified in Section 55–10–63, wherein it is provided that the purpose of the act is to secure for each child, coming before the juvenile court, the care, guidance and discipline required to assist him to develop into a responsible citizen, and at the same time, to protect the community and its individual citizens against juvenile violence and law breaking.

The foregoing provisions create a specific statutory standard within which the juvenile court must exercise its discretion. The juvenile judge may not arbitrarily or capriciously grant or deny certification. The legislature wisely declined to set out with particularity the innumerable factors which might promote the best interests of the child or the public or the weight or consequences to be placed on each if a conflict between the two objectives occurred. In State v. Doyal,[1] the court responded to the same challenge as urged in the instant case:

. . . The considerations that might so move a judge are so multifarious, however, that to test validity of legislation by an omission to list them would be almost equivalent to attempting

---

1. 59 N.M. 454, 286 P.2d 306, 310 (1955).

to name all the advantages of being upright and good.

■ In section 55–10–86, the legislature has removed the protective shield against criminal responsibility for a juvenile, who, in the opinion of the juvenile court, would more appropriately be dealt with as an adult. The factual considerations and the weight to be accorded to them are matters left to the sound discretion of the juvenile court. The many factors which could potentially bear on the determination of what is the "best interests of the child *or* the public" could never be specifically identified by statute. The enactment is not unconstitutional for vagueness.[2]

Salas urges that there was insufficient evidence to support the certification order. He reasons that an implicit requirement within the standard of the "best interest of the public" is proof that rehabilitation through accepted juvenile institutions cannot be accomplished. He claims this burden of proof must be sustained by the state by clear and convincing evidence. Since Salas has never been confined in the industrial school, he contends that there is insufficient evidence to support a determination that he could not have been rehabilitated within the juvenile processes.

■ This argument constitutes an attempt to impose one controlling factor on the determination of the juvenile court. It is within the discretion of the juvenile court to determine the factual matters and the weight to be accorded to them in making its decision. This argument further disregards the purposes set forth in Section 55–10–63, that the court is to protect the community against juvenile violence and law breaking. It was within the discretion of the juvenile court, and there is no claim of any abuse of the exercise thereof, to determine that society would be better protected by waiving jurisdiction.

Finally, Salas claims that he was not accorded the "full investigation" required under Section 55–10–86. He asserts that the evidence adduced was insufficient to determine his individual needs. This argument is inconsistent with the standard set forth previously. He asserts that the court failed to accompany its waiver with a statement sufficient to indicate that the statutory requirements had been met.

■ There is no merit to this contention. In an oral decision preceding his issuance of the formal certification order, the juvenile judge specifically set forth his reasons and the matters he considered in making his determination. These reasons were in the record, and a summary thereof has been set forth in this opinion. The statement was sufficient to demonstrate the statutory requirement of "full investigation" had been met; that the issues had been carefully considered; and that the basis for the order had sufficient specificity to permit meaningful review.[3]

The order of the juvenile court is affirmed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

2. In re F. R. W., Wis., 61 Wis.2d 193, 212 N.W.2d 130 (1973), State v. Jimenez, 84 N.M. 335, 503 P.2d 315 (1972) ; Lewis v. State, 86 Nev. 889, 478 P.2d 168 (1970) ; State ex rel Londerholm v. Owens, 197 Kan. 212, 416 P.2d 259 (1966) ; United States v. Caviness, (USDCDC, 1965) 239 F.Supp. 545 ; State v. Shipp, 59 Cal.2d 845, 31 Cal.Rptr. 457, 382 P.2d 577 (1963).

3. Lewis v. State, note 2, supra; Kent v. United States, 383 U.S. 541, 561, 86 S.Ct. 1045, 16 L.Ed.2d 84, 97 (1966).