623 P.2d 565

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Amadeo MARTINEZ,
Defendant-Appellant.**

**No. 12186.**

Supreme Court of New Mexico.

Jan. 15, 1981.

As Amended Feb. 16, 1981.

Reginald J. Storment, Appellate Defender, Roger Bargas, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Janice Marie Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

JOSEPH E. CALDWELL, District Judge.

The defendant, Amadeo Martinez, was convicted in Rio Arriba County on August 22, 1978, and sentenced concurrently to a life term and two terms of two to ten years and one to five years respectively, for first-degree murder, aggravated battery and larceny arising from a 1973 incident in Espanola. Four issues citing error by the trial court were raised on appeal. One issue, concerning the legality of the indictment, has been considered by the Court and is not discussed herein. Any defect in the indictment was not prejudicial to the defendant as the alleged defect was cured long before trial.

We discuss:

I. The trial court's denial of defendant's motion for change of venue because of public excitement and local prejudice.

II. The trial court's denial of the motion to exclude a video-taped transcript of a State's key witness.

III. The trial court's refusal of defendant's challenge of two jurors for cause.

The trial court is affirmed on all issues.

### I.

The change of venue motion was heard prior to a first trial which resulted in a deadlocked jury and a mistrial granted by Judge Santiago Campos. The grounds alleged were that the defendant could not receive a fair trial because of public excitement and local prejudice. The issues were apparently raised orally before the second trial without affidavits or hearings.

The murder occurred in 1973 and proceedings began in 1977 (prior to our 1978 statutory revisions, and therefore the applicable statutes are the 1953 New Mexico Statutes Annotated). Under those statutes, two deal with the venue question raised here. These statutes, Sections 21-5-3 and 21-5-4, N.M.S.A.1953 (Repl.Vol.1970), differ in that one, Section 21-5-3, confers no discretion upon the trial court. As stated in *State v. Alaniz*, 55 N.M. 312, 319, 232 P.2d 982, 986 (1951), interpreting Section 19-503, N.M.S.A.1941 (the predecessor to Section 21-5-3):

Where the defendant files a proper motion for a change of venue, which is duly supported, showing that the state of feeling in a county is such that he cannot obtain a fair trial, and those charges are not controverted, the defendant is entitled to a change of venue and the trial court has no discretion except to sustain his motion for it. (Citation omitted.)

The other statute, Section 21-5-4, places the granting of the venue motion within the discretion of the trial court. As expressed in *Deats v. State*, 80 N.M. 77, 79, 451 P.2d 981, 983 (1969), quoting *State v. Fernandez*, 56 N.M. 689, 248 P.2d 679 (1952):

Upon the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon shall make findings and either grant or overrule said motion.

The purpose of having the two statutes, requiring either the uncontroverted affidavit or the hearing of evidence and the making of findings, is to deny the trial court the power to overrule venue motions based solely on the court's own knowledge of the local conditions and prejudices, without the petitioner having an opportunity to present evidence and make a record. *Deats, supra; Schultz v. Young*, 37 N.M. 427, 24 P.2d 276 (1933).

Here, the defendant called witnesses and presented evidence in support of his motion for a change of venue. The State cross-examined these witnesses and brought conflicting evidence before the court. Based on this hearing the court made findings and denied the motion. Clearly, the applicable statute in this case is Section

21–5–4. *State v. Herrera,* 82 N.M. 432, 483 P.2d 313 (Ct.App.1971), *cert. denied,* 404 U.S. 880, 92 S.Ct. 217, 30 L.Ed.2d 161 (1971); *State v. Vaughn,* 82 N.M. 310, 481 P.2d 98 (1971), *cert. denied,* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971); *Deats, supra.* Since the venue question is within the sound discretion of the trial court, we will not reverse the decision of the trial court except upon a clear showing of abuse of that discretion. *State v. Montoya,* 80 N.M. 64, 451 P.2d 557 (Ct.App.1968), *aff'd sub nom, Deats v. State,* 80 N.M. 77, 451 P.2d 981 (1969); *State v. Barela,* 78 N.M. 323, 431 P.2d 56 (1967).

■ In determining whether an abuse of discretion has occurred, we utilize the same substantial evidence test we would employ to determine whether there is substantial evidence to support a finding of fact. *McCauley v. Ray,* 80 N.M. 171, 453 P.2d 192 (1968). The basic rules of this test are: (1) that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal, all disputed facts resolved in favor of the successful party, with all reasonable inferences indulged in support of the verdict, and all evidence and inferences to the contrary discarded, and (3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence. *McCauley v. Ray, supra; Tapia v. Panhandle Steel Erectors Company,* 78 N.M. 86, 428 P.2d 625 (1967). Under the above rules there was substantial evidence to support the trial judge's denial of the change of venue motion.

## II.

The defendant next contends that the court committed error by admitting into evidence the video-taped deposition of Mr. Sanderson, the State's eyewitness. Two arguments are presented in support of this contention. First, that it denied the defendant his right of confrontation and, second, that the State had not met the requirements of N.M.R.Crim.P. 29, N.M.S. A.1978 (Repl.Pamp.1980).

■ The confrontation issue is quickly resolved. Every person accused of a crime has the constitutionally protected right to face his accuser. U.S.Const. Amend. VI; N.M.Const. Art. II, § 14. However, this right must be interpreted in light of the law as it existed at the time it was adopted. *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). As stated in *Mattox,* the primary purpose of the confrontation clause was:

> [T]o prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

156 U.S. at 242–43, 15 S.Ct. at 332. Generally, the defendant should always have the right to face his accuser at trial. But, as stated in *Mattox,* "general rules of law of this kind, however beneficent in their operation and valuable to the accused, must occasionally give way to considerations of public policy and the necessities of the case." 156 U.S. at 243, 15 S.Ct. at 340. Also, "[o]ur cases construing the [confrontation] clause hold that a primary interest secured by it is the right of cross-examination; an adequate opportunity for cross-examination may satisfy the clause even in the absence of physical confrontation." *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965).

■ There were reasons of "public policy" and "necessities of the case" to allow the admission of the deposition, including the death of the deponent. There was sufficient opportunity for cross-examination at the time of the deposition so that its introduction does not run counter to the confrontation clause.

The defendant's second argument, that the deposition should not be admitted due to its alleged noncompliance with Rule 29, is equally unavailing. The defendant relies upon the cases of *McGuinness v. State*, 92 N.M. 441, 589 P.2d 1032 (1979); *State v. Barela*, 86 N.M. 104, 519 P.2d 1185 (Ct.App. 1974), and *State v. Berry*, 86 N.M. 138, 520 P.2d 558 (Ct.App.1974), for support of its allegation that the deposition should have been excluded. All three of the foregoing cases held that Rule 29 must be strictly complied with when dealing with the requirement of the deponent's unavailability as defined in Rule 29(n). We agree. However, there is a significant factual difference between the three cited cases and the present one. In those cases there were insufficient factual showings that the deponents were "outside" (or "absent from") the jurisdiction or that their presence could not be obtained by proper process. Here, there is no question that the deponent was unavailable at the time of the trial. He had been dead for several months. The only issue is whether the deposition will be disallowed because of a technical procedural error in complying with Rule 29(e)(3), when no prejudicial effect was claimed or felt by the defendant. We hold that under the facts presented in this case, such an error will not require the exclusion of the deposition. *See People v. Ware*, 78 Cal.App.3d 822, 144 Cal.Rptr. 354 (1978).

The technical error complained of is that the State failed to file a motion for an order allowing the deposition to be taken by other than stenographic means, as called for in Rule 29(e)(3). This order is to "designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy." Rule 29(e)(3). The State admits that it failed to obtain such an order. It cites the deponent's failing health, the urgency of preserving his testimony, and the pretrial arrangements with both the court and defense counsel regarding the taking of the deposition as reasons for this failure. The State should have obtained the order prior to the taking of the deposition, but we will not reverse for this failure, especially where no claim of prejudice is raised.

Any objections that the defendant might have had to the deposition were untimely. Rule 29(q)(3). No objection was made to the lack of an order until months after the first trial and the deponent was dead. The defendant claims that he could not have objected to the video-tape until after he viewed it on March 19, 1978. And since the deponent predeceased the defendant's viewing of the video-tape, there was no way to cure any defects in the tape. We cannot agree. The defendant was aware, prior to the deposition being taken, that it was to be done by other than stenographic means. His counsel was present at the taking of the deposition and participated therein, the defendant himself having waived his right to be present. Both before and after the taking of the deposition defendant's counsel knew or should have known that no order had been filed pursuant to Rule 29(e)(3). Had the defendant objected either before or at the time of the deposition was taken, steps could have been taken to cure this defect. Finally, on March 20, 1979, the court, counsel, the reporter and the video-tape technician viewed the tape prior to the first trial. Objections to portions of the deposition were reviewed and parts thereof were deleted. At the conclusion of this conference the judge asked both counsel if there were any further comments on the video-tape. Counsel for the defendant answered that he had none. The defense had just viewed the video-tape and yet raised no objection to the use of video, to the lack of an order, to its accuracy or trustworthiness, or raised any claim of prejudice in the recording, preservation or filing of the tape. In addition, counsel for the defendant raises no specific objection to the transcript. The video-tape was not even reviewed by defendant for the purpose of appeal even though it was readily available to be produced for the purpose of appeal if the defendant had desired. Absolutely no prejudice was shown by the defendant in indicating which portions of the video-tape were objectionable even though Rule 29 was not complied with.

**450**

### III.

The defendant's last issue on appeal is that the trial court committed error by not dismissing two members of the jury panel for cause. We recognize that the defendant enjoys a right to a trial by an impartial jury, *In Re Murchison*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), and that a fair trial is a basic requirement of due process, *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). But we also recognize that a general claim of denial of a fair trial is not a sufficient basis for relief. *State v. Smith*, 92 N.M. 533, 591 P.2d 664 (1979).

Here the defendant argues that the trial court should have dismissed the two members of the jury panel for cause. Defendant asserts that he was forced to use two of his preemptory challenges to remove these jurors. However, he does not allege that the jury, which finally heard the case, was in any way biased, prejudiced or unfair. Further, he does not allege that had he not used two of his preemptory challenges on the jurors in question that he would have used them to remove two of the jurors who ultimately sat on the case.

The trial court has a great deal of discretion in dismissing a juror for cause and its decision will not be disturbed absent manifest error or clear abuse of that discretion. *State v. Padilla*, 91 N.M. 451, 575 P.2d 960 (Ct.App.1978); *State v. Valdez*, 83 N.M. 632, 495 P.2d 1079 (Ct.App.1972), *aff'd*, 83 N.M. 720, 497 P.2d 231 (1972), *cert. denied*, 409 U.S. 1077, 93 S.Ct. 694, 34 L.Ed.2d 666 (1972). In the present case the defendant has not shown an abuse of the trial court's discretion. If there was error, it was harmless, since there is no allegation that the impartiability of the jury panel was affected by it. *See State v. Alderette*, 86 N.M. 600, 526 P.2d 194 (Ct.App.1974), *cert. denied*, 86 N.M. 593, 526 P.2d 187 (1974).

For the foregoing reasons we affirm the trial court on all issues.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, J., concur.