711 P.2d 920

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William VIGIL, Defendant-Appellant.**

**No. 8247.**

Court of Appeals of New Mexico.

Dec. 3, 1985.

Certiorari Denied Jan. 7, 1986.

**644**

Paul G. Bardacke, Atty. Gen., Reginald J. Storment, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet E. Clow, Chief Public Defender, David Stafford, Asst. Public Defender, Santa Fe, for defendant-appellant.

## OPINION

GARCIA, Judge.

A criminal information was filed against defendant, charging him with two counts of causing great bodily injury while driving under the influence of intoxicating liquor, contrary to NMSA 1978, Section 66–8–101 (Cum.Supp.1985). A jury found defendant guilty of the offenses, and following entry of judgment, a timely notice of appeal was filed. Three issues are raised on appeal:

1) Whether the court erred in allowing the state's accident reconstruction witness to give an expert opinion on what happened to the passengers during the collision;

2) Whether there was a sufficient foundation for the admission of the expert opinion;

3) Whether there was substantial evidence to support defendant's conviction.

**FACTS:**

Defendant and four others were the occupants of a vehicle involved in a high speed chase. The car hit a curb, flew 34 feet and struck a utility pole. The right side of the vehicle, which collided with the pole, was severely damaged. The first two people to arrive at the scene of the accident found defendant in the front seat of the vehicle with his head against the driver's door and his chest underneath the steering wheel. His feet were by the passenger door. After other witnesses arrived, defendant was found in a more upright position on the driver's side with his legs stretched toward the passenger's side. Mr. Zamora, the vehicle's owner, was found in the back seat of the vehicle on the driver's side.

Defendant denied being the driver of the vehicle; rather, he testified that Zamora, the car's owner, was driving the vehicle at the time of the accident. Defendant's story was repeated by two of the vehicle's occupants. Zamora, on the other hand, testified that due to his intoxication, he could not recall whether he was driving the vehicle.

Defendant broke several ribs and suffered numerous facial lacerations and contusions. Dr. Leighninger, a state's witness, testified that these injuries were consistent with injuries caused by a steering wheel or other hard objects in the car.

One of the state's primary witnesses was an accident reconstruction expert, John Hayes. In his opinion, there had been no change in the relative positions of the occupants from the point of impact to the resting place of the vehicle. Based on the position of the vehicle's occupants as identified by the investigating officer, the expert concluded that defendant had been driving at the time of the accident.

Prior to qualifying Hayes as an expert witness, the state presented considerable testimony concerning his qualifications as an accident reconstruction expert. Defendant was allowed to voir dire on the witness's qualifications, and Hayes responded to numerous questions from the court regarding his experience and the basis for his expert opinion. The court specifically determined that accident reconstruction is an area that requires specialized knowledge and that Hayes' expertise in accident reconstruction could assist the jury in determining an ultimate issue in the case. Pursuant to NMSA 1978, Evid.R. 702 (Repl.Pamp. 1983), the court qualified Hayes as an expert and allowed him to offer opinion testimony.

Defendant does not object to the qualifications of Hayes as an accident reconstruction expert. Rather, defendant states: "He is clearly an expert on what direction a car came from, at what speed, and at what force a collision occurred." Defendant's objection is directed solely to Hayes' testimony on the movement of passengers inside the vehicle during the collision. Defendant argues that the admission of this testimony was without sufficient foundation, and was therefore violative of NMSA 1978, Evid.R. 601, 701 and 702 (Repl.Pamp. 1983). Defendant is thus asserting that because Hayes did not meet the requirements of Rule 702 (qualified as an expert by knowledge, skill, experience, training or education), or the requirements of Rule 701 for testimony by a lay witness (opinions rationally based on perception and helpful to a clear understanding), Hayes' testimony was incompetent under Rule 601.

The state argues that Hayes was qualified to testify as to the movement of bodies within the vehicle, and that the trial court made sufficient inquiry concerning his expertise and the foundation for his opinion. The state argues that defendant's objection goes to the weight of the evidence and not to its admissibility.

The court specifically found that Hayes was qualified to offer opinion testimony under Rule 702. To make this determination, the court was required to make several preliminary determinations.

> These include: (1) whether the testimony will assist the trier of fact to understand the evidence; or (2) whether the testimony will assist the trier of fact to determine a fact in issue; (3) is the expert's knowledge such that it will assist the trier of fact in understanding the facts; and (4) does the expert have sufficient basis or knowledge to assist the trier of fact.

J. Wentworth, Treatise on New Mexico Evidence, art. VII, 702–2 (1983).

These issues must be determined by the judge pursuant to NMSA 1978, Evid.R. 104(a) (Repl.Pamp.1983) prior to the admission of testimony. Once the court has made a determination on these matters, such a decision is accorded great weight by a reviewing court and this decision will be upheld absent an abuse of discretion. *Ramsey v. Culpepper*, 738 F.2d 1092 (10th Cir.1984). The trial court has wide discretion in determining whether a witness is qualified to testify as an expert. *See Wood v. Citizens Standard Life Insurance Company*, 82 N.M. 271, 480 P.2d 161 (1971).

The trial judge may properly determine whether a witness's training and experience qualify him to render an expert opinion in the circumstances of a motor vehicle accident. *See Duran v. Lovato*, 99 N.M. 242, 656 P.2d 905 (Ct.App.1982) (police officer admitted as an expert witness on circumstances of collision); *Dahl v. Turner*, 80 N.M. 564, 458 P.2d 816 (Ct.App.1969) (civil engineer with no prior experience in

reconstrucing accidents, but possessed of training in mechanics and reaction forces, was qualified to give an opinion as to speed). In the case at bar, the trial court found, and defendant does not contest, that Hayes was qualified to analyze accident investigation information to determine how the accident occurred.

Voir dire of Hayes disclosed his extensive background and training in accident reconstruction. He had investigated approximately 1,700 accidents and reconstructed some 150 to 200. Hayes had studied the "human factors" involved in tactical police driving. He was pursuing a civil engineering degree at the University of New Mexico and was familiar with the theories and formulas utilized in accident reconstruction.

Defendant asserts that the expertise of Hayes in accident reconstruction has no bearing on his ability to give an expert opinion as to the movement of bodies within the vehicle. The state argues that the sole question presented for resolution is whether the trial court abused its discretion in allowing Hayes to testify as to the movement of passengers during the collision. We agree. The admissibility of Hayes' testimony can only be reviewed under the abuse of discretion standard applicable to a trial court's evidentiary rulings.

■ The trial court determined that the field of accident reconstruction requires specialized knowledge in a number of fields, and that expert testimony could assist the fact finder. The court determined that Hayes was qualified as an expert pursuant to his knowledge, background and training. With the wealth of experience, knowledge and training possessed by Hayes, it was not " 'clearly against the logic and effect of the facts * * * before the court' " for the trial judge to conclude that Hayes was qualified to determine the movement of bodies within the vehicle. *State v. Hargrove*, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970), quoting from Bowers,

*Judicial Discretion of Trial Courts*, § 12 (1931).

In *Seese v. Volkswagenwerk, A.G.*, 648 F.2d 833 (3d Cir.1981), the court found that "[a]s an accident reconstruction expert, [plaintiff's expert] was competent to testify about the manner and circumstances surrounding the ejection of the plaintiffs from the van." *Id.* at 844. The court further allowed plaintiff's expert to express his opinion about where the bodies landed. *Id.* at 845. Similarly, in *Higginbotham v. Volkswagenwerk Aktiengesellschaft*, 551 F.Supp. 977 (M.D.Pa.1982), the court determined that the investigating officer at the scene of the accident was not qualified to offer an opinion as to the movement of a motorist's body inside the vehicle at the time of the accident. The court based its decision on the fact that while the officer had experience as an accident investigator, "he could not properly be termed a qualified expert in accident reconstruction. * * *" *Id.* at 982–983. The court also noted that the officer had only minimal training in the areas of physics and the movement of bodies. Unlike the situation in *Higginbotham*, the trial court here found the witness well-qualified in each of these areas.

*Seese* assumed that an accident reconstruction is qualified to testify as to the movements of human bodies during a collision. *Higginbotham* found that an accident *investigator* is not qualified as an accident *reconstructionist* would be to testify as to the movement of bodies within a vehicle. Hayes testified as to his training and knowledge of physics and engineering, and the court accepted his background, education and experience as sufficient to qualify him in this field. In *Haynes v. American Motors Corp.*, 691 F.2d 1268 (8th Cir.1982), the court determined that the district court did not err in allowing defendant's witness to testify as to the movement of plaintiff's body during an accident even though plaintiffs claimed that the expert engineer was not qualified to testify on accident reconstruction and biomechanics. The court found that in view of the broad discretion accorded to the trial

court in admitting expert testimony, there was no abuse of discretion and plaintiff's objection went entirely to the weight, rather than to the admissibility of the testimony. *Id.* at 1273.

■ The trial court determined that the testimony of an accident reconstructionist would aid the jury and that Hayes was qualified to give an expert opinion as to the movement of bodies within the vehicle. In considering the foundational information elicited from the witness, the trial court was justified in finding the witness qualified to testify as to the movement of bodies. Accordingly, we affirm the trial court's admission of the testimony of the state's accident reconstructionist. The court does not today decide that every "accident reconstructionist" will automatically be qualified to testify as to the movements of human bodies within a motor vehicle. Rather, the court rules that an accident reconstructionist shown to be possessed of the education and experience necessary to form an opinion on such movement may properly be admitted to testify.

**WHETHER THERE WAS A SUFFICIENT FOUNDATION FOR THE ADMISSION OF MR. HAYES' EXPERT OPINION**

■ Defendant contends that there was an inadequate foundation for Hayes' opinion. NMSA 1978, Evid.R. 703 (Repl.Pamp. 1983) provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

An expert must be able to give a satisfactory explanation of how he arrives at his opinion. NMSA 1978, Evid.R. 705 (Repl. Pamp.1983). *See Four Hills Country Club v. Bernalillo County Tax Protest Board,* 94 N.M. 709, 616 P.2d 422 (Ct.App. 1979).

The trial court required Hayes to disclose the underlying facts and data upon which he based his opinion. Defendant asserts that the information presented by the witness revealed that his expert opinion was based on insufficient data. Defendant complains that Hayes did not consider many "relevant factors." Defendant, however, failed to submit any authority in support of his contention on appeal. He has therefore abandoned the issue. *State v. Mead,* 100 N.M. 27, 665 P.2d 289 (Ct.App.), *rev'd on other grounds,* 100 N.M. 498, 672 P.2d 1129 (1983).

**WHETHER THERE WAS SUBSTANTIAL EVIDENCE TO SUPPORT MR. VIGIL'S CONVICTION**

We utilize the substantial evidence test to determine whether the evidence supports the fact finder's determination. The tenets of the test are threefold: (1) that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal, all disputed facts are resolved in favor of the successful party, with all reasonable inferences indulged in support of the verdict, and all evidence and inferences to the contrary discarded; and (3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence. *State v. Martinez,* 95 N.M. 445, 623 P.2d 565 (1981); *McCauley v. Ray,* 80 N.M. 171, 453 P.2d 192 (1968); *Tapia v. Panhandle Steel Erectors Company,* 78 N.M. 86, 428 P.2d 625 (1967).

■ The evidence indicates that defendant was found underneath the steering wheel immediately after the accident. Three other witnesses arrived later and found defendant in a more upright position on the driver's side with his legs stretched toward the passenger's side. Zamora, the owner of the car, was found on the driver's

side of the back seat. Zamora himself could not remember if he was driving. Dr. Leighninger, the state's medical witness testified that defendant's injuries were consistent with hitting a steering wheel. All of the occupants who testified were admittedly very intoxicated. The fact finders properly considered the expert testimony of Hayes which placed defendant behind the wheel immediately before the crash. The jury was not required to accept defendant's version. With the evidence presented, there was substantial evidence from which a fact finder could determine that defendant was the driver of the vehicle.

The court determines that defendant's convictions should be affirmed.

IT IS SO ORDERED.

HENDLEY and ALARID, JJ., concur.