737 P.2d 894

Kenneth R. LOPEZ, Deceased, By and Through his surviving Natural Father and Personal Representative, Bonifacio LOPEZ and Lawrence J. Maestas, Plaintiffs-Appellees,

v.

TRUCKSTOPS CORPORATION OF AMERICA, a Florida corporation, Defendant-Appellant,

and

Albert Martinez, Defendant.

No. 9725.

Court of Appeals of New Mexico.

April 14, 1987.

Certiorari Denied May 20, 1987.

John M. Wells, Deborah H. Mande, Ruud, Wells & Mande, Albuquerque, for defendant-appellant.

Leof T. Strand, P.C., Albuquerque, for plaintiffs-appellees.

## OPINION

FRUMAN, Judge.

This is an interlocutory appeal brought by defendant Truckstops Corporation of America (Truckstops Corporation) from the denial of its motion for change of venue. The issues raised are whether that denial (1) was an abuse of the trial court's discretion, and (2) deprived Truckstops Corporation of a fair trial and violated its constitutional right of due process. Because there has not yet been a trial, we address only the first issue. *Cf. Deats v. State,* 80 N.M. 77, 451 P.2d 981 (1969). We affirm.

In its motion, Truckstops Corporation sought to have venue changed out of the Fourth Judicial District because of a community bias against non-resident corporate defendants, such as Truckstops Corporation. Following an evidentiary hearing, the trial court entered findings of fact and based its decision on those findings. Truckstops Corporation challenges the findings that Guadalupe County residents are not prejudiced against defendant or non-resident corporations; a fair and impartial jury of twelve could be selected who would not be prejudiced against defendant; and the jurors would be faithful to their oath to be fair and impartial and to decide the issues as instructed by the trial court.

Truckstops Corporation contends that the denial of its motion was an abuse of discretion by the trial court because it was only required to show a reasonable apprehension or a well-grounded fear that it could not obtain an impartial jury, and that it met this burden. Where the movant's allegations are not controverted, they must

be accepted as true. *See McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968). Where, however, evidence is offered in opposition to the motion, the trial court must weigh the evidence, *id.*, make findings, and may either grant or overrule the motion. NMSA 1978, § 38-3-5.

The provisions of the change of venue statute are mandatory when the prescribed steps have been taken, unless the production of evidence is requested. NMSA 1978, §§ 38-3-3, 38-3-5; *State v. Turner*, 90 N.M. 79, 559 P.2d 1206 (Ct.App.1976). Once evidence is requested and a hearing held, the mandatory provisions become discretionary. § 38-3-5; *State v. Turner*. If a hearing is held, it is the duty of the court to determine the question by its findings. *State v. Fernandez*, 56 N.M. 689, 248 P.2d 679 (1952).

■ Since the decision is discretionary with the trial judge, this court reviews only for an abuse of discretion. *State v. Rushing*, 85 N.M. 540, 514 P.2d 297 (1973). We do not believe this standard has changed as a result of *State ex rel. S. Pac. Transp. Co. v. Frost*, 102 N.M. 369, 695 P.2d 1318 (1985). The burden of showing that the trial court abused its discretion in denying the motion for a change of venue is on the movant. *State v. Jimenez*, 84 N.M. 335, 503 P.2d 315 (1972). In this case, we do not believe defendant has met that burden. Defendant's argument, basically, is that the trial judge abused his discretion because he did not accept defendant's evidence and reject that offered by plaintiffs. However, it is the trial court's function to weigh the evidence and determine the credibility of witnesses. *McCauley v. Ray*.

■ In reviewing the evidence presented to the trial court, and discarding all evidence and inferences therefrom that would contradict the decision of the trial court, we find the following. Plaintiffs presented affidavits of six Guadalupe County residents and the deposition testimony of one resident. These residents stated, in effect, that there is no prejudice in the county against non-resident corporations and that a jury of county residents would be fair and impartial. Plaintiffs also presented its expert witness who reviewed and commented upon the testimony of Truckstops Corporation's expert witness.

Truckstops Corporation's expert had reviewed the results of a telephone poll and of a district litigation survey in arriving at his opinion that county residents were prejudiced against non-resident corporations. Plaintiffs' expert characterized the telephone poll as having a critical, fundamental flaw in that the poll was not also conducted in any other community so as to establish a control factor. In his opinion, absent a control factor and by limiting the poll solely to Guadalupe County residents, the poll could not form the basis of an opinion of prejudice. Plaintiffs' expert had also studied the litigation survey of the judicial district and found that the cases reviewed contained too many unidentified variables to permit any meaningful conclusions to be drawn from the survey regarding the existence of prejudice.

In the opinion of plaintiffs' expert witness, defendant's expert did not have sufficient information or evidence to measure or establish the existence of prejudice among the residents of Guadalupe County. Plaintiffs' expert discredited the factors used by defendant's expert, and characterized the methodology used by defendant's expert as misleading and not particularly suitable in determining predictability. Plaintiffs' expert did state that there was a possibility of prejudice, or a difference in attitude, against non-resident corporate defendants, but that no evidence has been presented in this case to substantiate an opinion that such prejudice exists.

Because there is substantial evidence to support the trial court's decision, defendant's assertion of an abuse of discretion must fail. *See State v. Atwood*, 83 N.M. 416, 492 P.2d 1279 (Ct.App.1971). We note that defendant's evidence and the trial court's findings concern Guadalupe County and not the other counties in the Fourth Judicial District. As defendant was requesting a change of venue outside the district, evidence was also required to show that it could not receive a fair trial in any county in the district. *See* NMSA 1978,

§ 38–3–7. Since we are affirming the trial court's decision to retain venue in Guadalupe County, we do not reach this issue.

As oral argument is unnecessary, Truckstops Corporation's request for oral argument is denied. The decision of the trial court in denying the motion for change of venue is affirmed, and this cause is remanded to the trial court for further proceedings.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.