UNITED STATES of America, Appellee,

v.

Miguel GONZALEZ VARGAS et
al., Appellants.

No. 77–1470.

United States Court of Appeals,
First Circuit.

Submitted Sept. 7, 1978.

Decided Oct. 19, 1978.

Pedro J. Varela, Hato Rey, P. R., on brief for appellants.

Julio Morales Sanchez, U. S. Atty., and Daniel F. Lopez Romo, Asst. U. S. Atty., San Juan, P. R., on brief for appellee.

Before COFFIN, Chief Judge, KUNZIG, Judge,* U. S. Court of Claims, and DUMBAULD, Senior District Judge.**

PER CURIAM.

Appellants were convicted of crimes arising out of assaults on federal marshals within a federal courtroom. The only issue they raise on appeal is whether the district judge committed reversible error by limiting appellants to six joint peremptory challenges. By motion of July 21, 1977, appellants each requested six individual peremptory challenges as well as ten joint ones "pursuant to Rule (b) [sic] of the Rules of Criminal Procedure". The government's response brought to the court's attention the Supreme Court's proposed amendment to F.R.Crim.P. 24(b) stating that as of August 1, 1977, each side in a felony case would be entitled to five peremptory challenges. The government noted that Congress had delayed the effectiveness of the rule modification.

The court denied the motion on July 29, 1977, in reliance on the modification of Rule 24, granting each side five challenges. On July 30, 1977, Congress disapproved the modification. Neither appellants, the prosecutor, nor the court heard of that action.[1]

---

* Sitting by designation.

** Of the Western District of Pennsylvania, sitting by designation.

1. The oversight of the prosecutor is particularly inexcusable since it was his inaccurate and incomplete research which introduced the mistake.

The case came on for trial August 8, 1977. Appellants, during a bench conference, renewed their motion solely on the basis that the modification in the rule should not affect trials of cases in which the indictment was returned before August 1, 1977:

"But I am not sure we made it clear that our view is the 1977 date for the preemptory [sic] challenge, reduce it from ten to five for the defense. As we see, it is a matter of substance. Anything affecting the jury goes to a matter of substance and it is our position any indictment returned after August 1, 1977, that that rule applies but not to indictments as in this case which is prior to August 1977."

This argument obviously did not give the trial court any basis for reversing its earlier action. Appellants went on to say:

"We believe we should be given perhaps, as a minimum, six preemptory [sic] challenges because of the conflict that may be posed by the defendants wishing to exercise challenges against one individual where the other defendant does not agree, and functionally we have, each defendant has—"

The court reiterated its belief, not corrected by either appellants or the government, that the new version of the rule was in effect. The prosecutor stated he had no objection to giving appellants one more challenge as requested, and the court so ordered.

■ It is certainly unfortunate that a non-applicable rule was applied to this case. Appellants, however, must share the fault for what happened. It is the responsibility of counsel to keep abreast of the law and to inform the court of the correct state of the law. *See* Code of Professional Responsibility, EC 6–2 and EC 7–23. This they failed to do. Moreover, there is no excuse for their failure when, as here, they knew that the proposed rule was important to an aspect of their case and had been flagged as

suspect by the act of Congress delaying its effectiveness.

■ Although the right to peremptory challenges is not an aspect of the constitutional right to trial by jury, it is one of the most important rights of the accused, and, normally, "[t]he denial or impairment of the right is reversible error without a showing of prejudice." [2] *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Had the correct law been argued to the court, we would have no trouble vacating the conviction in this case. But we presume that had the correct rule been presented, the court would have applied it. Because appellants share the fault for the confusion and, more importantly, because the appellants proposed the compromise that was adopted, we must conclude that they acquiesced in the restriction of the number of their peremptory challenges. To hold otherwise would allow a defendant to profit by failing to give the district court the opportunity to avoid error. Indeed, in this case the appellants are seeking to profit from having led the district court into error. This they may not do. *See New England Enterprises, Inc. v. United States*, 400 F.2d 58, 59 (1st Cir. 1968) (affirming conviction though too many peremptory challenges had been allowed because the error was not adequately pointed out and the objections that were made appeared to be withdrawn).

*Affirmed.*

---

**2.** On the record before us there is no challenge to the jury as impanelled. There is no allegation that the jury was biased or would decide the case on any basis other than the evidence presented at trial. *See Swain v. Alabama*, 380

U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). In short, we have no reason to believe that appellants were in fact prejudiced by the district court's action.