735 P.2d 1138

**Jimmy FUSON, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 16670.

Supreme Court of New Mexico.

April 16, 1987.

Jacquelyn Robins, Chief Public Defender, Kerry Kiernan, Asst. Appellate Defender, Santa Fe, for petitioner.

Paul Bardacke, Atty. Gen., Santa Fe, for respondent.

---

## OPINION

SCARBOROUGH, Chief Justice.

Petitioner was convicted of aggravated battery and as an habitual offender. He appealed, contending that the trial court abused its discretion in failing to excuse a particular prospective juror for cause, thereby compelling him to exercise a peremptory challenge, and thus violated his sixth amendment right to an impartial jury.[1] Petitioner did not allege that the jury which finally sat in the case was in any way biased. Nor did petitioner allege that he would have used the peremptory challenge to remove a juror who ultimately sat in the case if he had not been compelled to exercise it on the person in question. Considering itself bound by *State v. Martinez*, 95 N.M. 445, 623 P.2d 565 (1981), the Court of Appeals affirmed. We reverse the Court of Appeals and the trial court and overrule *Martinez* to the extent it is inconsistent with this opinion.

The issue in this case is whether the trial court abused its discretion in failing to excuse a particular prospective juror for cause, and if so, what consequences follow from the error.

During the trial court's voir dire of the jury panel, one of the prospective jurors indicated that he knew "about half" of the witnesses in the case. When asked by the court if it would embarrass him to sit as a juror, he responded: "Probably not." During defense counsel's voir dire, the person was asked to explain his answer "Probably not." He replied: "I think I'm probably too familiar with all the individuals involved in this case to say with certainty that I could be totally impartial." Defense counsel further inquired if the person's knowledge of these individuals would affect the way he decided the case. He responded: "I think that there is a possibility that that could occur."

In chambers, defense counsel requested the court to excuse the person for cause. The court denied the request. Defense counsel then exercised a peremptory challenge. Petitioner ultimately exercised all five of his peremptory challenges before the court completed the venire. The names of some jurors were called after petitioner exercised his final peremptory challenge.

The New Mexico Constitution guarantees the right to trial by an impartial jury. N.M.Const. art. II, § 14. An impartial jury is one in which each and every juror is "totally free from any impartiality whatsoever." *State v. McFall*, 67 N.M. 260, 263, 354 P.2d 547, 548–49 (1960). A prospective juror who cannot be impartial should be excused for cause. *See id.* Although we recognize that the trial court has discretion in dismissing a juror for cause, under the facts in this case, the trial court clearly abused its discretion. It is manifest from the person's responses to questions asked during voir dire that he could not be impartial. He should have been excused for cause.

In affirming the trial court, the Court of Appeals relied on *Martinez*. In *Martinez*, the Court held that even if the trial court abused its discretion in failing to excuse two persons for cause, the error was harmless since there was no allegation that the impartiality of the jury panel which finally heard the case was affected by the error. *Martinez* requires that the complaining party allege that the jury which finally heard the case was biased or unfair. *Martinez* also requires that the complaining party allege that he or she would have used peremptory challenges to remove jurors who ultimately sat in the case if he or she had not been compelled to use them on persons who should have been excused for cause. To put it another way, *Martinez* requires that the complaining party allege that he or she was *prejudiced* by the trial court's error.

Petitioner contends that *Martinez* is at odds with federal cases which dictate that the right of peremptory challenge is a derivative of the sixth amendment right to an impartial jury and that impairment of the right is reversible error without a showing of prejudice. In *Swain v. Alabama*, 380

1. The sixth amendment provides: "In all criminal prosecutions, the accused shall enjoy the

right to a speedy and public trial, by an impartial jury * * *." U.S. Const. amend. VI.

105 New Mexico—22

U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), *overruled on other grounds, Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court of the United States characterized the right to peremptory challenge as " 'one of the most important of the rights secured to the accused' " (quoting *Pointer v. United States,* 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894)), and as " 'an arbitrary and capricious right [that] must be exercised with full freedom, or it fails of its full purpose' " (quoting *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)). The Court stated that "[t]he denial or impairment of the right is reversible error without a showing of prejudice." *Swain,* 380 U.S. at 219, 85 S.Ct. at 835.

A host of federal cases have followed *Swain.* In *United States v. Nell,* 526 F.2d 1223, 1229 (5th Cir.1976), the Fifth Circuit stated: "[I]t is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause, for this has the effect of abridging the right to exercise peremptory challenges." And in *United States v. Allsup,* 566 F.2d 68, 71 (9th Cir.1977), the Ninth Circuit stated: "Inhibition of the right to challenge peremptorily or for cause is usually deemed prejudicial error, without a showing of actual prejudice." *See also United States v. Hill,* 738 F.2d 152 (6th Cir.1984); *United States v. Gonzalez Vargas,* 585 F.2d 546 (1st Cir.1978).

■ The federal cases declare that prejudice is presumed when the right of peremptory challenge is denied or impaired. We overrule *Martinez* to the extent that case fails to recognize the presumption of prejudice announced in the federal cases.

■ In the present case, the names of some jurors were called after petitioner exercised his final peremptory challenge. Under these circumstances, petitioner's right of peremptory challenge was necessarily impaired by the trial court's failure to excuse the person for cause; therefore, prejudice is presumed. *See Swain v. Alabama; United States v. Allsup; United States v. Nell.* The presumption of preju-

dice was not rebutted. Petitioner is therefore entitled to a new trial.

We hold that prejudice is presumed where, as here, a party is compelled to use peremptory challenges on persons who should be excused for cause and that party exercises all of his or her peremptory challenges before the court completes the venire. We reverse the trial court and the Court of Appeals, and remand this case for a new trial.

IT IS SO ORDERED.

SOSA, Senior J., and WALTERS, J., concur.

RANSOM, J., dissents.

STOWERS, J., concurs in result only.

RANSOM, Justice, dissenting.

I DISSENT. If I had been the trial judge, I likely would have excused the juror. But, Judge Fort was the trial judge, not I. The trial court has "a great deal of discretion," *State v. Martinez,* 95 N.M. 445, 450, 623 P.2d 565, 570 (1981), in determining whether a prospective juror is "totally free from any partiality whatsoever." *State v. McFall,* 67 N.M. 260, 263, 354 P.2d 547, 548–49 (1960). Arbitrary and unreasonable action on the part of the court is the test for abuse of discretion. *Richins v. Mayfield,* 85 N.M. 578, 514 P.2d 854 (1973). For the court to have abused its discretion, there must have been *no reason to believe* that the prospective juror was totally free from any partiality whatsoever.

Therefore, the majority seems to hold that, when a juror states that he cannot say with certainty that he could be totally impartial, and that there is a possibility that his knowledge of "about half" of the witnesses would affect the way he decides the case, then there is no reason for the court to believe that the prospective juror is totally free from any partiality whatsoever. I do not want to dilute a "great deal of discretion" by holding that "lack of certainty" and "possibilities" skillfully elicited in voir dire shall require that the court dismiss prospective jurors on challenge for cause, or face the likely prospect of a new

trial after appeal. What honest man can be "certain"? Is not partiality always a "possibility"? Should not the trial judge take the measure of the man?

It is for the trial court to determine whether a prospective juror's statements regarding *lack of certainty* and *possibilities* are cause to excuse the juror. The manner and circumstances in which the words are expressed are as important as their literal meaning.

For the above reasons, I dissent.