931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Laurence HURD, Petitioner/Appellant,
v.
Donald A. DORSEY, Warden, Respondent/Appellee.
 No. 90-2229.
 United States Court of Appeals, Tenth Circuit.
 May 3, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 BACKGROUND
 
 2
 Appellant was tried and convicted of bank robbery. Two of his jurors were Ms. Rogers and Ms. Johnson. On voir dire, it was shown that Ms. Rogers was an acquaintance of the prosecutor's wife, and that Ms. Johnson was an employee of the bank in a branch separate from the one which was robbed. At trial, the defendant attempted to have Ms. Rogers removed for cause, but the court denied the request. Thereafter, defendant used all his peremptory challenges without excusing Ms. Rogers. The record shows that defendant apparently did not attempt to remove Ms. Johnson.
 
 
 3
 On direct appeal, appellant argued that Ms. Rogers should have been stricken from the jury for cause, but he did not argue anything concerning Ms. Johnson. Thereafter, appellant petitioned for a state writ of habeas corpus, claiming that his constitutional rights were violated by the presence of both Ms. Rogers and Ms. Johnson on his jury. The Fifth Judicial District of New Mexico dismissed appellant's petition for a writ of habeas corpus, and the New Mexico Supreme Court denied appellant's request for a writ of certiorari. Appellant now brings what is his third federal habeas petition concerning his conviction, alleging that "he was denied his right to a trial by an impartial jury because the jury was composed of two biased jurors," Ms. Rogers and Ms. Johnson. See Hurd v. Dorsey, Magistrate's Proposed Findings and Recommended Disposition, No. 89-1113-M at 7 (D.N.M. Aug. 2, 1990). We grant the certificate of probable cause and affirm.
 
 ANALYSIS
 
 4
 Two preliminary matters must be addressed. The first is whether the district court was correct in finding that Rule 9(b) of the Rules Governing Habeas Proceeding did not bar petitioner's petition. The second is whether it was error for the district court to dismiss part of petitioner's petition on the ground that the claim was barred by Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 5
 I. Whether Rule 9(b) Bars Petitioner's Petition
 
 
 6
 The first issue concerns whether or not this petition is barred under Rule 9(b) of the Rules Governing Habeas Proceedings:
 
 
 7
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 8
 As Magistrate Buell stated, "Rule 9(b) applies to ... successive claims and new claims. Successive claims are claims raised and considered on their merits in an earlier petition. New claims are claims being raised for the first time in a subsequent proceeding.... Petitioner is raising a new claim." Hurd v. Dorsey, Magistrate's Proposed Findings and Recommended Disposition, No. 89-1113-M at 3-4 (D.N.M. Aug. 2, 1990).
 
 
 9
 On appeal, the government maintains that Magistrate Buell, through the district court's adoption in its order of the Proposed Findings and Recommended Disposition, found that the petition was barred under Rule 9(b). We note that Magistrate Buell reached the merits of the claim, and apparently did not find an abuse of the writ even though he found that petitioner did not advance adequate justification for not previously asserting this claim:
 
 
 10
 In conclusion, this Court finds that Petitioner has not provided adequate justification for not asserting his claims in his two earlier petitions.
 
 
 11
 ... Despite this Finding, this Court may consider the merits of Petitioner's claim when the ends of justice so demand.... Since Petitioner completed his response without assistance of counsel, this Court will address the merits of Petitioner's claim.
 
 
 12
 See Hurd v. Dorsey, Magistrate's Proposed Findings and Recommended Disposition, No. 89-1113-M at 7.
 
 
 13
 Clearly, therefore, the Magistrate reached the merits, and the district court adopted the Magistrate's Proposed Findings and Recommended Disposition in denying the petition. See Hurd v. Dorsey, District Court Order, 89-1113-M (D.N.M. Oct. 3, 1990). The United States Supreme Court has recently held, in McCleskey v. Zant, 89-7024, U.S., April 16, 1991 (1991 WL 53826), that a successive petition for a federal writ of habeas corpus cannot be maintained in the absence of a showing of "cause and prejudice" or a showing "that a fundamental miscarriage of justice would result from a failure to entertain the claim." Here, there were no such showings and the magistrate, in fact, explicitly found that there was no cause shown why the issue now asserted was not raised previously in one of petitioner's earlier petitions. However, because the rules announced by the Supreme Court in McCleskey v. Zant for successive writs were not necessarily anticipated by petitioner below, we would have to remand for a further hearing in order fairly to give petitioner an opportunity to meet the tests articulated in McCleskey v. Zant. Because we determine that petitioner's claim was properly dismissed on the merits, it seems to us to be a waste of judicial resources to remand for such a hearing. Accordingly, we reach the merits in this particular case, and we affirm.
 
 
 14
 II. Whether Wainwright v. Sykes Bars Petitioner's Claim
 
 
 15
 The second preliminary issue is whether petitioner is barred from raising one of his claims collaterally in federal court. Petitioner did not raise the issue of Ms. Johnson's jury service at trial or on appeal, but did assert it in his state habeas petition. Magistrate Buell found that "Petitioner's procedural default bars consideration of this claim," see Hurd v. Dorsey, Magistrate's Proposed Findings and Recommended Disposition, No. 89-1113-M at 9 n. 1 (D.N.M. Aug. 2, 1990), and that "Petitioner ha[d] not demonstrated cause or prejudice to overcome the default." Id., citing, Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 16
 Clearly, petitioner did not raise this issue either at trial or appeal and, therefore, petitioner cannot raise this claim on collateral review in New Mexico. See State v. Gilihan, 524 P.2d 1335, 1336 (N.M.1974). The New Mexico court's holding in this case was on the ground that petitioner's claim was procedurally barred and that holding was set forth with sufficient clarity as required by Harris v. Reed, 489 U.S. 255 (1990). In relevant parts, the state court held
 
 
 17
 .............................................................
 
 
 18
 ...................
 
 
 19
 * * *
 
 
 20
 [t]hat petitioner failed to comply with SCRA 5-802 B4 in that he failed to include a statement regarding the appeal he filed or his prior Petition for Habeas Corpus nor did he provide the Court with a statement of why the claim now being raised was not raised in such prior proceedings.
 
 
 21
 .............................................................
 
 
 22
 ...................
 
 
 23
 * * *
 
 
 24
 The record clearly shows that the witness [sic] being objected to ... was questioned about her employment with First Interstate Bank and any bias or difficulties she would have being fair and impartial. Petitioner did not request that she be excused for cause. Therefore, he did not obtain a ruling from the Court.
 
 
 25
 .............................................................
 
 
 26
 ...................
 
 
 27
 * * *
 
 
 28
 The Petitioner filed an appeal with Court of Appeals of New Mexico and he did not raise this issue in the appeal. However, the record is clear that he could have done so had that been a concern at the time. The evidence was readily available regarding voir dire of the jury and the empaneling of the jury. Further, Petitioner was present with counsel during voir dire and in chambers when the jury was selected.
 
 
 29
 .............................................................
 
 
 30
 ...................
 
 
 31
 * * *
 
 
 32
 In Fuson v. State, 105 N.M. 632, 735 P.2d 1138 (NM 1987) the defense counsel requested the Court to excuse the person in question for cause and the Court denied the request. In this case, defense counsel did not request the Court to excuse the prospective juror, Sara Johnson, so we do not know whether the Court would have granted or denied the request. Therefore, in this case it must be presumed that Petitioner and his counsel were satisfied with the answers she gave during voir dire and felt she could be a fair and impartial juror.
 
 
 33
 .............................................................
 
 
 34
 ...................
 
 
 35
 * * *
 
 
 36
 Petitioner raises further issues in his Travers to the State's Response regarding the selection of the jury. Again, these matters were readily available to Petitioner and he failed to raise them on appeal.
 
 
 37
 .............................................................
 
 
 38
 ...................
 
 
 39
 * * *
 
 
 40
 That the Petitioner claims that his Writ of Habeas Corpus was brought on newly-discovered evidence is not valid. Newly discovered evidence is evidence that was (1) discovered since the trial; and (2) it must be such that it could not have been discovered before trial by the exercise of due diligence. Petitioner's claim is based on matter that are clearly in the record and have been since the day of trial, the day notice of appeal was filed and on March 25, 1986 when Petitioner filed a previous Petition for Writ of Habeas Corpus.
 
 
 41
 .............................................................
 
 
 42
 ...................
 
 
 43
 * * *
 
 
 44
 That it appears that an evidentiary hearing is not required.
 
 
 45
 Hurd v. New Mexico, Order Dismissing Petition for Writ of Habeas Corpus, No. CR-84-169-G.
 
 
 46
 This appears to be a clear statement that petitioner's claim was procedurally barred because he failed to raise the claim at trial or on direct appeal. That conclusion is buttressed because here, unlike in Harris, the state court offered no reason other than procedural bar to deny the petitioner's requested habeas relief.
 
 
 47
 Therefore, Magistrate Buell correctly reached an analysis of the Wainwright test because the invocation of that exception is necessary when a procedural default has been found to have been unambiguously relied upon by the last state court. See Harris, 489 U.S. 255. We have reviewed the record on appeal and agree with the Magistrate that at this stage the petitioner has not alleged sufficient cause and prejudice to overcome the procedural default.
 
 
 48
 III. Whether Ms. Roger's Jury Service Was Unconstitutional
 
 
 49
 Having addressed the preliminary matters, we must now rule on the constitutionality of Ms. Roger's presence on the jury. This issue was raised at trial and on direct appeal, and so is properly preserved for a collateral attack. We agree with the Magistrate that, in general, fact issues determined by the state trial court are "entitled to the presumption of correctness of 28 U.S.C. Sec. 2254(a)." Magistrate's Proposed Findings and Recommended Disposition at 7. The trial judge denied a request to have Ms. Rogers removed for cause, finding that her acquaintance with the prosecutor's wife "didn't make such a close relationship ... that she could [sic] be fair and impartial, and I believe that would be correct...." R.Vol. I, Doc. 8, Exh. M at 5. We have reviewed the evidence and arguments presented on appeal and agree with the Magistrate that Mrs. Rogers' presence on the jury did not "violate[ ] some right which was guaranteed to the defendant by the Fourteenth Amendment." Cupp v. Naughten, 414 U.S. 141, 146 (1973). Additionally, her relationship to the prosecutor's wife was not one of the "extreme situations that would justify a finding of implied bias.... [w]hether or not the state proceedings result[ed] in a finding of 'no bias.' " Smith v. Phillips, 455 U.S. 209, 222 (1982) (O'Connor, J., concurring).
 
 
 50
 Therefore, we AFFIRM the order of the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3