This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                            **No. 28,286**

**ALBERTO MENDOZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ernesto Romero, District Judge (Trial)**
**Stan Whitaker, District Judge (Sentencing)**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Trace L. Rabern
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant, Alberto Mendoza, appeals his conviction on six counts of criminal sexual contact of a child under thirteen, and one count of witness tampering. Defendant argues that his conviction should be reversed and/or remanded for a new trial. On appeal, we consider (1) whether the district court erred in excluding evidence of sexual contact with a step-sibling by one of the victims that occurred over two years after the alleged contact by Defendant; (2) whether the district court erred in refusing to strike jurors for cause based on sentiments that they would like to hear Defendant's testimony as to his innocence, and why Defendant did not testify; (3) whether the district court improperly admitted hearsay testimony by allowing a witness to read from her report of the victims' prior account of abuse; (4) whether the district court erred by allowing the prosecution to improperly probe a defense witness for bias; and (5) whether the district court erred in excluding reports of prior CYFD investigations of the victims' mother. We affirm.

**BACKGROUND**

Defendant was convicted on two counts of criminal sexual contact of a minor in the second degree, four counts of criminal sexual contact of a minor in the third degree, and one count of bribery of a witness. The victims were Defendant's two step-granddaughters, Child 1 and Child 2. Child 1 is the older of the two siblings and was ten-years-old at the time of the abuse. Child 2 was eight-years-old. The events

leading to Defendant's indictment began when Defendant's daughter, Laura Mendoza (a.k.a "Hita"), discovered Child 1 "squatted in the corner" beside the bed, "huddled up" with her younger cousin, apparently trying to kiss him. Laura was sixteen at the time. Laura and the children's grandmother, Defendant's wife, phoned the children's parents to come over to deal with what they believed to be Child 1's inappropriate behavior. In the midst of what became an apparently heated and dramatic encounter with her family, Child 1 became very upset and began yelling something to the effect of "[t]his is what [Defendant] did to me," or "[y]ou should see what [Defendant] did to [Child 2]." Based on these initial allegations, the children were interviewed and examined, at which time they gave more detailed accounts of their accusations. However, no physical evidence of abuse was discovered. Defendant was tried and convicted approximately three years later and now appeals.

**DISCUSSION**

**1.      The District Court did not Err in Excluding Evidence of Other Sexual Abuse Suffered by the Children**

At trial, Defendant attempted to admit evidence that Child 2 had been digitally penetrated by her step-sibling. Defendant argued that this evidence was relevant because it showed that the children had likely been subjected to abuse, but not by Defendant, and that such other abuse provided the basis for children's sexual knowledge. After hearing argument on this issue, the district court excluded the

evidence under Rule 11-402 NMRA, and Rule 11-403 NMRA.  Rule 11-402 states that "[e]vidence which is not relevant is not admissible."  Rule 11-403 provides that, even where evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury."

"We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 (citation omitted).  "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case.  We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (filed 1998) (internal quotation marks and citation omitted).

Defendant cites *State v. Stephen F.*, 2007-NMCA-025, 141 N.M. 199, 152 P.3d 842, *aff'd by* 2008-NMSC-037, 144 N.M. 360, 188 P.3d 84, to argue that the district court was required to admit evidence of the victim's sexual history in this case. *Stephen F.* was a rape case where a fifteen-year-old male admitted to sexual contact with the alleged sixteen-year-old victim, but argued that it was consensual. *Id.* ¶¶ 4-5. The issue we addressed on appeal was whether, notwithstanding rape shield laws,

evidence of the alleged victim's sexual history was relevant to establish the defense of consent. *Id.* ¶ 9. Ultimately, we concluded that this evidence was relevant because it tended to prove motivation to fabricate a claim of rape out of fear of punishment by the alleged victim's parents. *Id.* ¶ 20.

These cases are distinguishable for several reasons. First, *Stephen F.* dealt with evidence of prior sexual contact, whereas the excluded evidence in this case dealt with subsequent contact. Second, the evidence in *Stephen F.* was relevant in order to demonstrate the defense of consent whereas, here, consent is not a valid defense. Further, our ruling in *Stephen F.* was based on the application of a five-factor test to determine whether the district court's ruling on the evidence was an abuse of discretion. Defendant cites the test but provides no analysis on its application to this case. In line with *Stephen F.*'s recognition that evidentiary questions lie within the sound discretion of the district court, we conclude that Defendant has not met his burden of showing an abuse of discretion.

Defendant also relies on *State v. Payton*, 2007-NMCA-110, 142 N.M. 385, 165 P.3d 1161, to argue that evidence of Child 2's encounter with her step-sibling was not only relevant, but that exclusion of this evidence constituted reversible error. In *Payton*, we found reversible error where the defendant was not allowed to introduce evidence of prior sexual abuse of a child victim to establish an alternative source of

sexual knowledge. *Id.* ¶ 15. We stated that the "jury would naturally assume that a young victim could not have known about sexual matters and must have known about them only because [the d]efendant actually committed the offenses." *Id.* However, *Payton* is distinguishable because it dealt with evidence of prior abuse. *Id.* ¶ 14. This case deals with evidence of subsequent abuse. The encounter with the step-sibling occurred over two years after the childrens' initial detailed accounts of their abuse that are documented in the transcript of their safe house interviews. In the case below, the defense conceded that there was no temporal connection between the incident with Child 2 and her step-sibling and the charges against Defendant.

The details of the safe house interviews were allowed as evidence and were presented to the jury through the prosecution's witness, Nurse Rosala Villalpondo. Ms. Villalpondo conducted those interviews and compiled a report. Reading from her report, she testified that Child 2 stated that Defendant had touched her on her "private part" with his hand and that his penis touched her vagina. This evidence demonstrated that Child 2 had sexual knowledge before any encounter that she may have had with her step-sibling. The district court also noted that Defendant had the opportunity to attack the victims' credibility by highlighting any contrasts in their testimony between the time that they were initially interviewed (before the encounter with the step-sibling) and that time that they actually testified at trial (after the encounter). We

agree with the district court that this subsequent incident was irrelevant to establish an alternative source of sexual knowledge. Accordingly, we conclude that the district court did not abuse its discretion in excluding this evidence. Having upheld the district court's determination as to relevance, we do not address the district court's alternative basis for its decision under Rule 11-404 NMRA.

**2.      The District Court did not err in Denying Defendant's Juror Strikes for Cause**

During voir dire, Defendant attempted to strike five venire members for cause. Of the five challenges, the district court granted two: one against juror Compton, and the other against juror Keepers. Of the remaining three, juror Rodriguez-Ortiz, and juror Roe were peremptorily stricken. The remaining juror, Natha, was not peremptorily stricken even though Defendant had not yet exhausted all of his peremptory strikes when juror Natha was called. Natha sat as juror number seven. By the end of voir dire, Defendant had exhausted all of his peremptory strikes. On appeal, Defendant argues that the district court erred in not granting all of his strikes for cause.

Defendant's strikes for cause were based on responses to the inquiry of whether it would "bother anybody" if Defendant declined to take the stand. This portion of the voir dire was as follows:

7

[Defense Counsel]: Does it bother anybody over here if [Defendant] doesn't testify? Does anybody agree with [Juror] Compton that they would like to hear [Defendant's] story?

[Juror] Natha?

JUROR NATHA: I would think so, because if I was ever accused with something, I would want to make sure that they heard my story. Along with the State having to prove it, the second part is if I was accused of something, and I didn't do it, I would want to put my side up there as well.

[Defense Counsel]: And [Juror] Rodriguez-Ortiz?

JUROR RODRIGUEZ-ORTIZ: Yeah, I would like to hear his story, the whole side of the story.

[Defense Counsel]: Again, if [Defendant] didn't give a story, would that make you look disfavorably on [Defendant]?

JUROR RODRIGUEZ-ORTIZ: Not necessarily, but I would like to hear his story.

. . . .

[Defense Counsel]: I saw other hands. [Juror] Roe?

JUROR ROE: I would find it—I would give children, testifying in a court of law, the benefit of the doubt, unless there was evidence of huge motive for them to be lying. And given that,

8

|                    |                                                                                                              |
| ------------------ | ------------------------------------------------------------------------------------------------------------ |
|                    | without testimony on the other side, I would find it difficult.                                              |
| [Defense Counsel]: | [Juror] Keepers, did you raise your hand, too?                                                                |
| JUROR KEEPERS:     | I would just wonder why [Defendant] wouldn't testify himself.                                                 |
| [Defense Counsel]: | And would that wonder bother you in assessing the case?                                                       |
| JUROR KEEPERS:     | I don't know if it would bother me. I'm not sure the schedule of testimony, but right now I don't understand why [Defendant] wouldn't testify. |

Defendant argues that this issue presents a question of structural error to be reviewed de novo. However, the proper standard of review is abuse of discretion. *See Benavidez v. City of Gallup*, 2007-NMSC-026, ¶ 10, 141 N.M. 808, 161 P.3d 835. "Trial courts are vested with wide discretion regarding the jury selection process, and we will not reverse absent an abuse of that discretion." *Id.* ¶ 10. It is an abuse of discretion to "force a party to exhaust his peremptory challenges on persons who should be excused for cause." *Fuson v. State*, 105 N.M. 632, 634, 735 P.2d 1138, 1140 (1987) (internal quotation marks and citation omitted). "The burden of establishing an abuse of discretion rests on the moving party." *State v. Hernandez*, 115 N.M. 6, 22, 846 P.2d 312, 328 (1993) (citation omitted).

Defendant cites *Fuson* to argue that it was error to not grant his strikes for cause where all his peremptory challenges were exhausted. In *Fuson*, a juror was seated who, in voir dire, had stated that he could not "say with certainty that [he] could be totally impartial," and that his knowledge of six individual witnesses in the case could affect the way he decided the case. *Fuson*, 105 N.M. at 633, 735 P.2d at 1139. On appeal, our Supreme Court concluded that, despite the district court's discretion in this area, it was error to not exclude this juror, stating that "[i]t is manifest from the person's responses to questions asked during voir dire that he could not be impartial." *Id.*

Unlike *Fuson,* the jurors challenged for cause in this case never expressed that they could not be impartial. Their responses generally expressed an interest in having Defendant testify, but they were not asked any other questions which might reveal any actual bias that may result from this perspective. During voir dire, the district court noted that no one asked the venire members whether or not they could follow the court's instruction on this matter. The court's instruction stated "[y]ou must not draw any inference of guilt from the fact that [Defendant] did not testify in this case, nor should this fact be discussed by you or enter into your deliberations in any way." Without inquiry as to whether jurors had fixed opinions of impartiality about Defendant not testifying, even notwithstanding the instruction, we cannot conclude

that the district court did not abuse its discretion in failing to strike these jurors for cause. *See State v. Barrera*, 2001-NMSC-014, ¶ 18, 130 N.M. 227, 22 P.3d 1177 (stating that "the pertinent inquiry is whether the jurors . . . had such fixed opinions that they could not judge impartially the guilt of the defendant" (alteration in original) (internal quotation marks and citation omitted)).

**3.      Defendant's Challenge of Ms. Villalpondo's Testimony Fails for Lack of Preservation**

In order to preserve an issue for appeal, Defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280.  This Court will not search the record to find whether an issue was preserved where defendant did not refer this Court to appropriate transcript references. *See Rojo*, 1999-NMSC-001, ¶ 44.  We will not address arguments not preserved below, unless they involve matters of jurisdictional or fundamental error. *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431.

In her testimony, Ms. Villalpondo read directly from her report regarding her prior examination of the victims.  This testimony included reading to the jury the victims' answers to questions during the examination.  On appeal, Defendant argues that Ms. Villalpondo's testimony, to the extent that it relayed the prior statements of the victims, should have been excluded as hearsay.  However, Defendant does not

11

demonstrate how this issue was preserved below, nor does he argue jurisdictional or fundamental error. Defendant states in his brief in chief that this testimony came in "[o]ver defense hearsay objections," but our review of the record and transcript reveals no record of such an objection. Thus, Defendant's challenge on this issue fails for lack of preservation.

**4.     Defendant has not Demonstrated That the State's Questioning of Laura Mendoza Resulted in Reversible Error**

Defendant argues that it was improper for the State to cross-examine his daughter, Laura, about her refusal to be interviewed by detectives without Defendant's counsel present. He claims this was an improper way to challenge this witness's credibility and "an improper comment on [Defendant's] right to counsel." In support of this argument, Defendant cites to *State v. Garcia*, 118 N.M. 773, 887 P.2d 767 (Ct. App. 1994). However, *Garcia* is not helpful because that case dealt with whether a defendant's exercise of his post-arrest right to remain silent was improperly used against him as evidence at trial. *Id.* at 774, 887 P.2d at 768. Defendant draws no parallels between *Garcia* and this case, and it is otherwise unclear how *Garcia* supports Defendant's argument. Thus, we cannot rule on this issue. *See State v. King*, 2007-NMCA-130, ¶ 17, 142 N.M. 699, 168 P.3d 1123 (refusing to consider arguments unsupported by authority or analysis).

**5.    Defendant's Challenge Relating to Evidence of the CYFD Reports Fails for Lack of Preservation**

Defendant argues that the district court erred in excluding reports of prior CYFD investigations of the victims' mother.  Defendant was able to elicit testimony from the victims' mother regarding these reports and this testimony was admitted by the district court over objection by the State, but the actual reports were apparently never admitted.  Beyond mentioning these investigations in the opening argument, and questioning the victims' mother at trial, Defendant points to no motion to admit the actual reports as evidence.  On appeal, Defendant argues that the records were admissible under Rule 11-803(H) NMRA which deals with public records and reports, but concedes that this argument was not made below.  Thus, it is unclear how Defendant invoked the ruling of the district court on this issue.  *See Vill. of Angel Fire v. Bd. Of County Comm'rs of Colfax County*, 2010-NMCA-038, ¶ 15, ___ N.M. ___, ___ P.3d ___ (stating that "[i]n order to properly preserve an issue, it must appear that [the party] fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court" (alterations in original) (internal quotation marks and citation omitted)).  Defendant correctly states that this Court will generally address unpreserved issues if they constitute plain error, but does not present an argument that plain error exists here.  We see no error, much less plain error, on this issue.

**CONCLUSION**

For the foregoing reasons, we affirm the entry of judgment by the district court.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**ROBERT E. ROBLES, Judge**